IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE M. CAMPBELL, and KIM L. CAMPBELL, husband and wife, | : : : | No. 4:16-CV-00779 |
| Plaintiffs, | : : | (Judge Brann) |
| v. | : : | |
| CHARLES BALON, individually as police officer of the Bloomsburg Police Department; OFFICER AUCHTER, individually as police Officer of Bloomsburg Police Department; OFFICER SZKODNY, Individually as police officer of the Bloomsburg Police Department; ROGER VANLOAN, individually as Police chief of the Bloomsburg Police Department; TOWN OF BLOOMSBURG; CHUMLEY'S BAR AND GRILLE, LLC, and CAPITOL BG LLC, d/b/a CAPITOL BAR AND GRILL a/k/a CAPITOL RESTAURANT AND BAR; JOHN BERGER, III, MARLENE BUTTERS; and JOHN GREGAS, | : : : : : : : : : : : : : : : : : : | |
| Defendants. | : | |

# **ORDER**

**OCTOBER 18, 2017**

**BACKGROUND:**

1. On July 19, 2017, Plaintiffs Bruce M. Campbell and Kim L. Campbell ("Plaintiffs") filed a Motion for Reconsideration of the Court's Order and Memorandum Opinion of July 6, 2017.[1]

2. This Motion requests that the Court reconsider its Memorandum Opinion to the extent it dismisses Count IX, or civil conspiracy pursuant to 42 U.S.C. § 1983. Plaintiffs aver that reconsideration is appropriate because the facts as alleged would allow the Court to infer that an agreement to violate Plaintiffs' civil rights had been reached.[2]

3. It is well-established that "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."[3] A court should grant a motion for reconsideration if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[4]

---

[1] ECF No. 57.

[2] In my previous Memorandum Opinion of July 6, 2017, I set forth a comprehensive factual background which will be adopted for purposes of this Order. *See* ECF No. 55.

[3] *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

[4] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made."[5] In such a motion, "parties are not free to relitigate issues that the Court has already decided."[6] "The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law."[7] "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."[8]

4. As noted in my prior Memorandum Opinion, "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."[9] "[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice ... [The allegations] must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be

---

[5] *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002).

[6] *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (internal citation and quotations omitted).

[7] *Mpala v. Smith*, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) *aff'd*, 241 F. App'x 3 (3d Cir. 2007).

[8] *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

[9] *Great W. Mining & Mineral Co. v. FoxRothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).

independent action."[10] Conspiracy claims may not therefore be based solely on "suspicion and speculation."[11]

5. Here, following a second review of the *allegata* of Plaintiffs' Amended Complaint, I find that there are no grounds upon which to vacate my decision of July 6, 2017 dismissing count IX *without prejudice*. In his Motion, Plaintiff seemingly argues that reconsideration is necessary to "correct a clear error of law or fact" because, by specifically citing four averments, the Court somehow overlooked other facts demonstrating the plausibility of his conspiracy claim. This argument is misguided. While Plaintiff advances that the averments of his Complaint as a whole evidence the smoke of a conspiracy, this argument, at its core, requires the Court to accept that the interview of Capitol Defendants (participants in the incident at issue) by Bloomsburg Defendants (law enforcement officials conducting an investigation) and the subsequent production of a "fraudulent" affidavit of probable cause make it plausible that discovery will reveal evidence of a conspiracy. Acceptance of this theory runs counter to the *Twombly-Iqbal* pleading standards as applied to a Section 1983 conspiracy claim.

---

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).
[11] *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991).

6. Indeed, in *Capogrosso v. The Supreme Court of New Jersey*, a case cited in piecemeal by Plaintiff, the Third Circuit expressly rejected such a finding of plausibility.[12] In that case, the plaintiff had alleged a Section 1983 conspiracy claim against New Jersey Superior Court judges because the presiding judge of an action to which he was a party issued an adverse ruling following a witnessed interaction with a fellow trial court judge.[13] Although the *Capogrosso* Court acknowledged that "existence of a conspiracy must usually be inferred from the circumstances," it nevertheless concluded that the factual allegations as detailed "failed to state a cognizable claim under § 1983."[14] Here, I find that, while Plaintiff's Amended Complaint alleges parallel conduct owing to Bloomsburg Defendant's obligation to investigate, it has otherwise failed to allege facts from which a conspiratorial agreement can be inferred.[15]

---

[12] 588 F.3d 180, 184 (3d Cir. 2009)(per curiam).

[13] *Id.* at 183.

[14] *Id.* at 384.

[15] *Gleason v. E. Norriton Twp.*, Civil Action No. 11-CV-6273, 2012 WL 3024011, at *5 (E.D. Pa. July 24, 2012) ("The mere fact that the Defendant officers called Defendant ADA Potere for legal advice and then relied on the advice given does not suggest a conspiratorial agreement to deprive Plaintiff of his constitutional rights. Rather this is the sort of 'allegation of parallel conduct' that Twombly held was insufficient to plead a conspiracy."). *See also Watson v. Sec'y Pa. Dep't of Corr.*, 436 F. App'x. 131, 137 (3d Cir. 2011) ("As the linchpin for conspiracy is agreement, . . . concerted action, without more, cannot suffice to state a conspiracy claim.").

**AND NOW**, upon consideration of Plaintiffs Bruce M. Campbell and Kim L. Campbell's Motion for Reconsideration (ECF No. 57) and this Court's above finding that it committed no clear error of law in its Memorandum Opinion of July 6, 2017, **IT IS HEREBY ORDERED THAT** said Motion is **DENIED.** In accordance with this Court's prior Order of July 6, 2017, Plaintiff, Bruce Campbell, is nevertheless granted leave to file an Amended Complaint within twenty-one (21) days re-asserting the dismissed excessive force claim under Section 1983 against Defendant Balon, and the dismissed civil conspiracy claim under Section 1983 against Defendants Balon, Berger, Butters, Gregas, and Capitol Bar and Grill.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge