# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE M. CAMPBELL and KIM L. CAMPBELL, | No. 4:16-CV-00779 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| CHARLES BALON, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### FEBRUARY 7, 2019

The Town of Bloomsburg, Charles Balon, and Kenneth Auchter moved for summary judgment on all claims brought against them in the amended complaint filed by Bruce and Kim Campbell. Those motions will be granted.

### Background

On the evening of May 9, 2014, Bruce Campbell was involved in a fight at the Capitol Bar and Grill in Bloomsburg, Pennsylvania. He was arrested later that evening by Mr. Auchter, and on May 13, 2014, was charged by Mr. Balon with harassment, disorderly conduct, simple assault, and aggravated assault. Mr. Auchter and Mr. Balon were both members of the Bloomsburg Police Department.

Mr. Campbell was eventually found not guilty of all the charges in the Court of Common Pleas of Columbia County, and this lawsuit followed. The Campbells'

Amended Complaint contains, *inter alia*, a claim for excessive use of force against Mr. Auchter; claims for malicious prosecution, false arrest, and false imprisonment against Mr. Balon; and a failure to train claim against the Town of Bloomsburg.

**Discussion**

Mr. Balon's Motion for Summary Judgment

Mr. Balon argues that summary judgment should be granted in his favor on the Campbells' claims against him because all criminal charges brought against Mr. Campbell were supported by probable cause.[1] This Court agrees.

All of the charges against Mr. Campbell were, in part, underpinned by Mr. Balon's sworn assertion that Mr. Campbell struck John Berger (a defendant in this case) in the head with a pint glass during an argument.[2] It is undisputed that, on the night of the fight, before charging Mr. Campbell with any crimes, Mr. Balon went to the Capitol Bar and Grill and viewed a surveillance video of the incident,[3] a copy of which has been provided to the Court.[4] Although it is difficult to narrate an accurate blow-by-blow of the tussle from this footage, it cannot be denied that, at

---

[1] *Johnson v. Knorr*, 477 F.3d 75, 82 (3rd Cir. 2007) (indicating that, to prove a malicious prosecution claim, a plaintiff must show that "the defendant initiated the proceeding without probable cause"); *Groman v. Township of Manalapan*, 47 F.3d 628, 634, 636 (3rd Cir. 1995) (indicating that, to prove a false arrest or a false imprisonment claim, a plaintiff must show that the defendant lacked probable cause for the arrest).

[2] May 13, 2014 Criminal Complaint with Affidavit of Probable Cause (ECF No. 87-9).

[3] Deposition of Charles Balon (ECF No. 87-6) at 38.

[4] ECF No. 99 (containing Video Clip "Cam10" and "Cam11").

one point, it clearly shows Mr. Campbell raising his right hand (which hand appears to be holding a pint glass) and bringing it down quickly in a forceful manner near the vicinity of Mr. Berger's forehead.[5] A second later, Mr. Berger falls to the floor and disappears from view.[6] When Mr. Berger is finally lifted to his feet more than 30 seconds later, he is stumbling and unable to stand unassisted, and there is a large amount of blood pouring from the area of his forehead with which the glass appeared to have made contact.[7] From these images, it was reasonable for Mr. Balon to conclude that Mr. Campbell struck Mr. Berger with the pint glass.

The Campbells raise several arguments in opposition to this conclusion, which arguments can be grouped into two categories. First, they note that, as it turns out, Mr. Campbell did *not* actually strike Mr. Berger with the glass, a fact that became known by the time of trial. Second, they argue that Mr. Balon's investigation into the crime was deficient because, presumably, he never discovered this fact. Both of these arguments, however, fail to recognize that "the constitutional validity of [an] arrest [or charge] does not depend on whether [a] suspect actually committed any crime,"[8] but instead depends on whether it was reasonable to conclude that there was

---

[5] Video Clip "Cam11" at 22:24:27-22:24:28.

[6] *Id.* at 22:24:29.

[7] *Id.* at 22:25:11.

[8] *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3rd Cir. 2005).

at least a "fair probability" that such crime was committed.⁹ By itself, the video—which gave an unobstructed view of the altercation—allowed Mr. Balon to conclude that there was a "fair probability" that Mr. Campbell deliberately struck Mr. Berger with the glass and, consequently, that Mr. Campbell committed aggravated assault. He therefore had probable cause to charge Mr. Campbell with that crime and the lesser-included related crimes, and the Campbells' claims against Mr. Balon, therefore, must fail.

<u>Mr. Auchter's Motion for Summary Judgment</u>

Mr. Auchter argues that summary judgment should be granted in his favor on the excessive force claim against him because, as a matter of law, the force he used while arresting Mr. Campbell was not unreasonable. This Court agrees.

After the fight ended, Mr. Campbell was escorted out of the bar. Mr. Auchter, who was on patrol duty at the time, received a report that "[a]n assault occurred at the Capitol" and that the perpetrator had "fled" but had been spotted in front of Hess's, another local establishment.¹⁰ The report indicated that it was "unknown" whether Mr. Campbell had any weapons.¹¹ Mr. Auchter drove to Hess's and saw Mr. Campbell entering a narrow alleyway running alongside that bar.¹² Mr. Auchter

---

⁹ *Wilson v. Russo*, 212 F.3d 781, 789 (3rd Cir. 2000) ("Probable cause exists if there is a 'fair probability' that the person committed the crime at issue.").

¹⁰ Deposition of Kenneth Auchter (ECF No. 87-7) at 8-10.

¹¹ *Id.* at 18.

¹² *Id.* at 11.

exited his vehicle, ran after Mr. Campbell on foot down the alleyway, and successfully ordered Mr. Campbell to stop.[13] Although Mr. Auchter denies it,[14] Mr. Campbell testified that Mr. Auchter had his firearm drawn and aimed at him at the moment of arrest.[15]

To succeed on his excessive use of force claim, Mr. Campbell must show that Mr. Auchter's actions were objectively unreasonable "in light of the facts and circumstances confronting [him]," while "allow[ing] for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."[16] When determining whether a particular use of force was reasonable, this Court considers "the totality of the circumstances," including "the severity of the crime at issue"; "whether the [plaintiff] pose[d] an immediate threat to the safety of" others; "whether [the plaintiff was] attempting to evade arrest by flight," and "the possibility that [the plaintiff was] violent or dangerous . . . [or] armed."[17]

Here, Mr. Auchter received a report that an individual violently assaulted others at local bar. When he spotted that individual, he believed that the individual

---

[13] *Id.* at 12.

[14] *Id.* at 18.

[15] Deposition of Bruce Campbell (ECF No. 87-22) at 63.

[16] *Graham v. Connor*, 490 U.S. 386, 397 (1989).

[17] *Kopec v. Tate*, 361 F.3d 772, 776-77 (3rd Cir. 2004).

was attempting to dodge apprehension.[18] Not knowing whether the individual was armed—but having already been informed that he was possibly dangerous, due to the reported altercation—he pulled, but did not discharge, his firearm while chasing the individual down an alleyway at night. As a matter of law, considering all of these factors, Mr. Auchter's actions were not unreasonable,[19] and the Campbells' claims against him must fail.

<u>Bloomsburg's Motion for Summary Judgment</u>

Because the constitutional claims against Mr. Balon and Mr. Auchter have failed, the constitutional claim against Bloomsburg must also fail.[20]

**Disposition**

Therefore, **IT IS HEREBY ORDERED** that:

1. The Town of Bloomsburg's Motion for Summary Judgment, ECF No. 84, is **GRANTED.**

2. Charles Balon's Motion for Summary Judgment, ECF No. 85, is **GRANTED**.

---

[18] Deposition of Kenneth Auchter at 15 ("[W]hen [Mr. Campbell] saw me he looked at me as I was approaching and took off running.").

[19] *Cf. Arditi v. Subers*, 216 F. Supp. 3d 544, 559 (E.D. Pa. 2016) (discussing cases that, like the instant case, merely involved the *threat* of force, and not its application).

[20] *Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120, 124 (explaining that a municipality "cannot be liable on a failure to train theory for conduct that . . . did not violate the plaintiff['s] constitutional rights.").

3. Kenneth Auchter's Motion for Summary Judgment, ECF No. 86, is **GRANTED**.

4. After the resolution of the remaining claims in this case, the Clerk of Court shall enter judgment:

   a. In favor of the Town of Bloomsburg on Count VII of Plaintiffs' Amended Complaint, ECF No. 26;

   b. In favor of Charles Balon on Counts I, II, and III of Plaintiffs' Amended Complaint; and

   c. In favor of Kenneth Auchter on Count IV of Plaintiffs' Amended Complaint.

5. Within 7 days of the date of this Order, the parties **SHALL SHOW CAUSE** why this Court should not direct the Clerk of Court, upon resolution of the remaining claims in this case, to enter judgment in favor of the Town of Bloomsburg, Charles Balon, and Kenneth Auchter on all crossclaims brought by, and again, those Defendants. *See* ECF Nos. 64 and 68.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge