# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE M. CAMPBELL and KIM L. CAMPBELL, | No. 4:16-CV-00779 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| CHARLES BALON, *et al.*, | |
| Defendants. | |

# **ORDER**

**MARCH 5, 2019**

### Crossclaims

On February 7, 2019, this Court granted summary judgment in favor of the Town of Bloomsburg, Charles Balon, and Kenneth Auchter on several claims in Plaintiffs' Amended Complaint.[1] At that time, the Court ordered the parties to show cause why it should not grant summary judgment in favor of those Defendants on all crossclaims brought by and against them. In response, the remaining defendants withdrew their respective cross claims against one another.[2] Those crossclaims will therefore be dismissed.

---

[1] ECF No. 106.

[2] ECF No. 107 ¶ 4; ECF No. 108 ¶ 13.

### Plaintiffs' Civil Assault Claim Against Kenneth Auchter

In its previous Memorandum Opinion and Order, this Court inadvertently failed to address Mr. Auchter's motion for summary judgment on Count XIII of Plaintiffs' Complaint.[3]

Count XIII alleges that Mr. Auchter's conduct during Mr. Campbell's arrest[4] constituted the tort of assault. Under Pennsylvania law, however, "[t]he appropriate standard for determining a [police] officer's potential liability for assault and battery when making an arrest is whether excessive or unreasonable force was used in effectuating that arrest."[5] Because this Court held that Mr. Auchter's conduct did not constitute excessive force as a matter of law,[6] Plaintiffs' civil assault claim must likewise fail.

### Whether this Court Should Maintain Jurisdiction Over the Remaining State Law Claims

In their show cause brief, John Berger and Chumley's Bar and Grille argue that this Court should decline to exercise its supplemental jurisdiction over the remaining claims, which are all based on state law.[7] This case, however, has been pending in this Court for nearly three years. Discovery is complete; dispositive

---

[3] Mr. Auchter's Brief in Support of his Motion for Summary Judgment (ECF No. 91) at 15-17.

[4] *See* February 7, 2019 Memorandum Opinion and Order (ECF No. 106) at 4-6.

[5] *Glass v. City of Philadelphia*, 455 F. Supp. 2d 302, 366 (E.D. Pa. 2006).

[6] February 7, 2019 Memorandum Opinion and Order at 6.

[7] ECF No. 107 ¶ 6-7.

motions have been considered and ruled upon; and all that remains is to set the matter down for trial. The Court, therefore, will continue to exercise supplemental jurisdiction over the remaining state law claims.[8]

Disposition

**IT IS HEREBY ORDERED** that:

1. The crossclaims filed by Chumley's Bar and Grille and John Berger against the Town of Bloomsburg, Charles Balon, and Kenneth Auchter, ECF No. 64 ¶¶ 294-96, are **DISMISSED WITH PREJUDICE**.

2. The crossclaims filed by the town of Bloomsburg, Charles Balon, and Kenneth Auchter against Chumley's Bar and Grille and John Berger, ECF No. 68 ¶¶ 297-300, are **DISMISSED WITH PREJUDICE**.

3. After the resolution of the remaining claims in this case, the Clerk of Court shall enter judgment in favor of Kenneth Auchter on Count XIII of Plaintiffs' Amended Complaint, ECF No. 26.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[8] *See Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1284-85 (3d Cir. 1993) (indicating that a United States District Court may continue to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 even after the dismissal of all federal claims); *id.* ("If the dismissal of the [federal] claim occurs late in the action, knocking [the state law claims] down with a belated rejection of supplemental jurisdiction may not be fair.") (quoting David D. Siegel, *Practice Commentary*).